IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **THUY TRONG LE and KIM CHI VO,** d/b/a **NAIL STUDIO AND SPA,** | * |
| Plaintiffs, | * |
| vs. | CASE #: 2:07-CV-01070-WKW-CSC |
| | * |
| **ARCITERRA GROUP, LLC,** d/b/a **ARCITERRA FESTIVAL MONTGOMERY AL, LLC** | * |
| | * |
| Defendant, | * |

## MOTION TO REMAND

COME NOW Plaintiffs, by and through undersigned counsel and hereby move this Honorable Court to remand this cause of action back to the Circuit Court of Montgomery County. In support of this motion the Plaintiffs show the following:

## STANDARD FOR REMOVAL

1. When the Plaintiff fails to plead a specific amount of damages, the burden of proof is on the Defendant to prove by preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement, *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir.2001); *Allen v. Toyota Motor Sales, U.S.A. Inc.*, 155 Fed. Appx. 480 (11th Cir. 2005).

2. Plaintiffs' complaint does not specifically state the monetary amount sought. In fact, Plaintiffs mainly seek equitable relief and if the equitable relief is granted (the recession of the lease agreement between Defendant and the competitive business) Plaintiffs will have no need to seek monetary damage, so long as the

competitive business has not opened and decreased Plaintiffs' revenue. (See Plaintiffs Original Complaint).

3. "A Plaintiff's refusal to stipulate that the amount in controversy exceeds $75,000.00, alone, is insufficient to prove that the amount in controversy exceeds the jurisdictional requirement. Williams, 269 F.3d at 1320." Jarrell v. Giles, 2006 U.S. Dist. Lexis 83688.

4. The fact that a Defendant claims a jury could award compensatory damages in excess of $75,000.00 falls short of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.

5. A federal question does not exist in the present case.

6. The present case does not arise under the laws or constitution of the United States of America, nor does it involve a case or controversy under the laws or constitution of the United States of America.

7. This Court does not have subject matter diversity or pendant jurisdiction over the issues and matters in the above styled cause as required by Williams.

### DEFENDANT HAS FAILED TO MEET THE BURDEN SET FORTH BY WILLIAMS

8. Defendant's entire basis for removal, with regard to the amount in controversy exceeding $75,000.00, is the amount of money it (Defendant) claims it will lose should Plaintiffs be successful in obtaining equitable relief sought; not the amount Plaintiffs' are actually seeking–the amount in controversy. (See Document 1, page 3).

9. As proof of the amount in controversy Defendant has provided the affidavit of a paralegal within the corporation. (See document 3). This affidavit states that Defendant will lose $161,920.00 if Plaintiffs are successful in their claim. (See

document 1, page 4 and document 2-3, Affidavit of Ms. Cervone, page 3).

    10.    Defendant's argument is without merit and irrelevant for two reasons:

        A.    The amount set forth is not proof of the amount sought by Plaintiff, as required by *Williams*. Instead it is an inaccurate amount (see B below) claimed Defendant will lose if Plaintiffs are successful.

        B.    That notwithstanding, the amount set forth by Defendant assumes that if Plaintiffs are successful in obtaining the equitable relief sought the building will not be leased to another party and will remain unoccupied for 5 years. Stated differently, Defendant is representing to the Court that if Plaintiffs are successful in rescinding the contract between Defendant and its current tenant (equitable relief, no monetary claim) the space will not be leased for a period of 5 years, without any evidence of the same.[1]

## Conclusion

Plaintiffs respectfully submit that Defendant has not provided any evidence that the amount in controversy exceeds the jurisdictional requirements. The evidence provided is inaccurate and not relevant to Plaintiffs' claims. Instead, it focuses on a hypothetical loss Defendant *may* sustain (although very unlikely) assuming it cannot lease the building for a period of 5 years.

---

[1] There is no proof that the building cannot be leased to another party or at what price it can be leased, maybe more, maybe less, should Plaintiffs be successful on their claim. Further, the property would have remain without a tenant for over 2 years, or Defendant would have to lease the property at a monthly rate of $1,250.00 less than the rate of $2,698.66, or a 46% difference, for a period of 5 years, to reach the Court's jurisdictional limit.

**WHEREFORE**, premises considered Plaintiff respectfully request that this Honorable Court remand this matter back to the Circuit Court of Montgomery County.

        Respectfully submitted,

        /s/ Aaron J. Luck
        Aaron J. Luck (LUC014)
        Attorney for Plaintiff

OF COUNSEL:
McPhillips Shinbaum, L.L.P.
516 S. Perry Street (36104)
P.O. Box 64
Montgomery, AL 36101-0064
Phone 334/262-1911
Facsimile 334/263-2321

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing documents on the following counsel of record by placing a copy of same in the US Mail, postage prepaid, on this 10th day of December, 2007.

Joe Espy, III
J. Flynn Mozingo
Melton, Espy & Williams, PC
P.O. Drawer 5130
Montgomery, Alabama 36103

        /s/ Aaron J. Luck
        Of Counsel