IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THUY TRONG LE and KIM CHI VO, d/b/a NAIL STUDIO AND SPA, | * |
| Plaintiffs, | * |
| vs. | * CASE #: 2:07-CV-01070-WKW-CSC |
| ARCITERRA GROUP, LLC, d/b/a ARCITERRA FESTIVAL MONTGOMERY AL, LLC | * |
| Defendant, | * |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S
RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

COME NOW Plaintiffs, by and through undersigned counsel and hereby Respond to Plaintiffs' Motion to Remand as follows:

**STANDARD FOR REMOVAL**

1. When the Plaintiff fails to plead a specific amount of damages, the burden of proof is on the Defendant to prove by preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement, _Williams v. Best Buy Co., Inc.,_ 269 F.3d 1316, 1319 (11th Cir.2001); _Allen v. Toyota Motor Sales, U.S.A. Inc.,_ 155 Fed. Appx. 480 (11th Cir. 2005).

2. Plaintiffs' complaint does not specifically state the monetary amount sought. In fact, Plaintiffs mainly seek equitable relief and if the equitable relief is granted (the recession of the lease agreement between Defendant and the competitive business) Plaintiffs will have no need to seek monetary damage, so long as the competitive business has not opened and decreased Plaintiffs' revenue. (See Plaintiffs

Original Complaint).

3. "A Plaintiff's refusal to stipulate that the amount in controversy exceeds $75,000.00, alone, is insufficient to prove that the amount in controversy exceeds the jurisdictional requirement. Williams, 269 F.3d at 1320." *Jarrell v. Giles*, 2006 U.S. Dist. Lexis 83688.

4. The fact that a Defendant claims a jury could award compensatory damages in excess of $75,000.00 falls short of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.

5. A federal question does not exist in the present case.

6. The present case does not arise under the laws or constitution of the United States of America, nor does it involve a case or controversy under the laws or constitution of the United States of America.

7. This Court does not have subject matter diversity or pendant jurisdiction over the issues and matters in the above styled cause as required by *Williams*.

**DEFENDANT'S RESPONSE IS WITHOUT MERIT AND DOES NOT MEET THE STANDARD SET FORTH BY *WILLIAMS***

8. Defendant's response is without merit and does not include any factual, admissible evidence which would comply with the requirements of *Williams*. Defendant's Motion addresses three major points, two new. Plaintiffs will address each as follows:

I. **THE LEASE AMOUNT EXCEEDS $75,000.00**

9. On this point Defendant's basis for removal, with regard to the amount in controversy exceeding $75,000.00, is the amount of money it (Defendant) claims it (Defendant) could lose should Plaintiffs be successful in obtaining equitable relief

sought; not the amount Plaintiffs' are actually seeking–the amount in controversy. (See Document 1, page 3).

    10.    As proof of the amount in controversy Defendant has provided the affidavit of a paralegal within the corporation. (See document 3). This affidavit states that Defendant will lose $161,920.00 if Plaintiffs are successful in their claim. (See document 1, page 4 and document 2-3, Affidavit of Ms. Cervone, page 3).

    11.    Defendant's argument is without merit and irrelevant for three reasons:

    A.    The amount set forth is not proof of the amount sought by Plaintiff, as required by *Williams*. Instead it is an inaccurate amount (see B below) claimed Defendant will lose if Plaintiffs are successful.

    B.    That notwithstanding, the amount set forth by Defendant assumes that if Plaintiffs are successful in obtaining the equitable relief sought the building will not be leased to another party and will remain unoccupied for 5 years. Stated differently, Defendant is representing to the Court that if Plaintiffs are successful in rescinding the contract between Defendant and its current tenant (equitable relief, no monetary claim) the space will not be leased for a period of 5 years, without any evidence of the same.[1]

    C.    Defendant has not bolstered this position by way of affidavit from Defendant stating that if Plaintiffs are successful the building will

---

[1] There is no proof that the building cannot be leased to another party or at what price it can be leased, maybe more, maybe less, should Plaintiffs be successful on their claim. Further, the property would have remain without a tenant for over 2 years, or Defendant would have to lease the property at a monthly rate of $1,250.00 less than the rate of $2,698.66, or a 46% difference, for a period of 5 years, to reach the Court's jurisdictional limit.

remain unoccupied despite having ample time to porvide the Court with this information.

12. This is the same issue Defendant used to have the matter removed. Defendant has not provided any additional information on this issue. Defendant has not stated that the building will remain unoccupied should Plaintiffs be successful despite the fact they have asserted the same. In fact, it is now clear (by way of the absence of a supporting affidavit) that Defendant knows this position is without merit.

II. **AN INTERNET SEARCH OF "COMPARABLE BUSINESSES"**

13. Now, in Defendant's Response to Plaintiffs' Motion to Remand it adds another basis for removal–an internet search. Defendant cites results of an internet search as evidence of potential damages. Defendant does so looking at www.BizBuySell.com which purports to list businesses for sale, apparently as some kind of broker on-line. This internet cite lists businesses for sale, states an asking price and a gross income/revenue for the same. However, none of the information provided by the cite, and contained within the Defendant's brief, is backed by any **factual, admissible** evidence. Specifically:

    A. The amounts set forth as the asking prices may or may not be the actual selling price--assuming there was ever a business to sell to begin with. The business may have actually sold for 10% of the asking price.

    B. The "Gross Income/Revenue" is simply stated and does not have any documentation or evidence to prove the same. There are no supporting affidavits, records kept in the regular course of business,

      or any proof of the information stated.  Defendant has simply printed-out a page with unverified information and submitted it to the Court as factual evidence.  Again, the actual income may be 10% of the stated income.[2]

  C. Th markets cited are not within Montgomery County.  Further some of the businesses are not even comparable businesses.

14. None of the information provided and attached to Defendants brief as Exhibit B is admissible evidence.

III. **PLAINTIFFS' PURPORTED ADMISSION VIA AN EMAIL**

15. Finally, Defendant looks to an email dated October 15, 2007 to prove damages exceed $75,000.00.  (See Exhibit A of Defendant's Brief).  In this email, Plaintiffs, in broken English, address their concerns about another nail salon opening within Festival Plaza.  This email does not state an amount of expected loss, nor does it address, with any specificity, the expected/anticipated drop of income.

16. The email also states that if this new store is allowed to open "...it will make out store become in-valuable." (Sic).  *Webster's II New College Dictionary* defines invaluable as: "Of great value : Priceless".

17. Clearly, this email is not evidence of loss.  There is nothing contained within Exhibit A that would, in any way, help the Court determine the actual amount in controversy as required by ***Williams***.  All of Defendant's assertions regarding this email

---

[2] By way of example, a Plaintiff simply stating damages to a jury does not bear the weight of accounting books and records actually showing income.  I certainly does not do so by a preponderance of the evidence.

are again without any factual basis.

## CONCLUSION

Plaintiffs respectfully submit that Defendant's entire motion is without merit. It is based upon an internet search, without any supporting documents, financial history, or any information, for that matter, to assist the Court in determining jurisdiction. To the contrary the evidence provided is inaccurate, at best, and not relevant to Plaintiffs' claims and without doubt does not meet the burden placed upon Defendant to prove by preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement set forth by *Williams.* Instead, it focuses "internet research" that cannot be proved, let alone by a preponderance of the evidence.

**WHEREFORE**, premises considered Plaintiff respectfully request that this Honorable Court deny Defendant's Motion and remand this matter back to the Circuit Court of Montgomery County.

Respectfully submitted,

/s/ Aaron J. Luck
Aaron J. Luck (LUC014)
Attorney for Plaintiff

OF COUNSEL:
McPhillips Shinbaum, L.L.P.
516 S. Perry Street  (36104)
P.O. Box 64
Montgomery, AL 36101-0064
Phone 334/262-1911
Facsimile 334/263-2321

## **CERTIFICATE OF SERVICE**

     I hereby certify that I have served a copy of the foregoing documents on the following counsel of record by placing a copy of same in the US Mail, postage prepaid, on this 21st day of January, 2008.

Joe Espy, III
J. Flynn Mozingo
Melton, Espy & Williams, PC
P.O. Drawer 5130
Montgomery, Alabama 36103

                                                /s/ Aaron J. Luck
                                                Of Counsel