IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

|  |  |  |
|---|---|---|
| **THUY TRONG LE and KIM CHI VO, d/b/a NAIL STUDIO AND SPA,** | * | |
| Plaintiffs, | * | |
| vs. | * | CASE #: 2:07-CV-01070-WKW-CSC |
| **ARCITERRA GROUP, LLC, d/b/a ARCITERRA FESTIVAL MONTGOMERY AL, LLC** | *  * | |
| Defendant, | * | |

### PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND

COME NOW Plaintiffs, by and through undersigned counsel and hereby move this Honorable Court to strike Defendant's Response to Plaintiffs' Motion to Remand. In support of this motion the Plaintiffs show the following:

### STANDARD FOR REMOVAL

1.  When the Plaintiff fails to plead a specific amount of damages, the burden of proof is on the Defendant to prove by preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement, _Williams v. Best Buy Co., Inc.,_ 269 F.3d 1316, 1319 (11th Cir.2001); _Allen v. Toyota Motor Sales, U.S.A. Inc.,_ 155 Fed. Appx. 480 (11th Cir. 2005).

2.  Plaintiffs' complaint does not specifically state the monetary amount sought. In fact, Plaintiffs mainly seek equitable relief and if the equitable relief is granted (the recession of the lease agreement between Defendant and the competitive business) Plaintiffs will have no need to seek monetary damage, so long as the

competitive business has not opened and decreased Plaintiffs' revenue. (See Plaintiffs Original Complaint).

3. "A Plaintiff's refusal to stipulate that the amount in controversy exceeds $75,000.00, alone, is insufficient to prove that the amount in controversy exceeds the jurisdictional requirement. <u>Williams</u>, 269 F.3d at 1320." <u>Jarrell v. Giles</u>, 2006 U.S. Dist. Lexis 83688.

4. The fact that a Defendant claims a jury could award compensatory damages in excess of $75,000.00 falls short of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.

5. A federal question does not exist in the present case.

6. The present case does not arise under the laws or constitution of the United States of America, nor does it involve a case or controversy under the laws or constitution of the United States of America.

7. This Court does not have subject matter diversity or pendant jurisdiction over the issues and matters in the above styled cause as required by <u>Williams</u>.

### **DEFENDANT'S CITED SOURCES LACK ANY FACTUAL BASIS**

8. In Defendant's initial Motion to Remove, Defendant's entire basis for removal, with regard to the amount in controversy exceeding $75,000.00, was the amount of money it (Defendant) claims it (Defendant) will lose should Plaintiffs be successful in obtaining the equitable relief sought; not the amount Plaintiffs' are actually seeking–the amount in controversy. (See Document 1, page 3).

9. As proof of the amount in controversy Defendant then provided an affidavit from a paralegal within the corporation. (See document 3). This affidavit states that

Defendant will lose $161,920.00 if Plaintiffs were successful in their claim. (See document 1, page 4 and document 2-3, Affidavit of Ms. Cervone, page 3).

      10.    Now, in Defendant's Response to Plaintiffs' Motion to Remand Defendant adds a basis for removal–an internet search. Defendant cites results of an internet search as evidence of potential damages. Defendant does so looking at [www.BizBuySell.com](www.BizBuySell.com) which purports to list businesses for sale, apparently as some kind of broker on-line. This internet cite lists businesses for sale, states an asking price and a gross income/revenue for the same. However, none of the information provided by the cite, and contained within the Defendant's brief, is backed by any **factual, admissible** evidence. Specifically:

      A.    The amounts set forth as the asking prices may or may not be the actual selling price--assuming there was ever a business to sell to begin with.

      B.    The "Gross Income/Revenue" is simply stated and does not have any documentation or evidence to prove the same. There are no supporting affidavits, records kept in the regular course of business, or any proof of the information stated.

      C.    Th markets cited are not within Montgomery County and further yet some of the businesses cited are not even comparable businesses.

      11.    Next Defendant looks to an email dated October 15, 2007 to prove damages exceed $75,000.00. (See Exhibit A of Defendant's Brief). In this email Plaintiffs, in broken English, address their concerns about another nail salon opening within Festival Plaza. This email does not state an amount of expected loss, nor does it

address, with any specificity, the expected/anticipated drop of income.

12. The email also states that if this new store is allowed to open "...it will make out store become in-valuable." (Sic). *Webster's II New College Dictionary* defines invaluable as: "Of great value : Priceless".

13. Clearly, this email is not evidence of loss. There is nothing contained within Exhibit A that would, in any way, help the Court determine the actual amount in controversy as required by <u>**Williams**</u>. All of Defendant's assertions regarding this email are again without any factual basis.

## Conclusion

Plaintiffs respectfully submit that Defendant's entire motion is without merit. It is based upon an internet search, without any supporting documents, financial history, or any information, for that matter, to assist the Court in determining jurisdiction. To the contrary the evidence provided is inaccurate, at best, and not relevant to Plaintiffs' claims and without doubt does not meet the burden placed upon Defendant to prove by preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement set forth by <u>*Williams.*</u> Instead, it focuses "internet research" that cannot be proved, let alone by a preponderance of the evidence, and an email that does not state any loss and actually states that the business will become invaluable.

**WHEREFORE**, premises considered Plaintiff respectfully request that this Honorable Court strike Defendant's Motion and remand this matter back to the Circuit Court of Montgomery County.

        Respectfully submitted,

        /s/ Aaron J. Luck
        Aaron J. Luck (LUC014)
        Attorney for Plaintiff

OF COUNSEL:
McPhillips Shinbaum, L.L.P.
516 S. Perry Street (36104)
P.O. Box 64
Montgomery, AL 36101-0064
Phone 334/262-1911
Facsimile 334/263-2321

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing documents on the following counsel of record by placing a copy of same in the US Mail, postage prepaid, on this 21st day of January, 2008.

Joe Espy, III
J. Flynn Mozingo
Melton, Espy & Williams, PC
P.O. Drawer 5130
Montgomery, Alabama 36103

        /s/ Aaron J. Luck
        Of Counsel