IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THUY TRONG LE and KIM CHI VO, d/b/a NAIL STUDIO AND SPA, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) CASE NO. 2:07-cv-1070-WKW ) |
| ARCITERRA GROUP, LLC, d/b/a ARCITERRA FESTIVAL MONTGOMERY AL, LCC, | ) ) ) ) ) |
| Defendant. | ) |

**ARCITERRA GROUP'S REPLY TO PLAINTIFF'S MOTION TO STRIKE AND PLAINTIFFS' RESPONSE TO DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO REMAND**

**COMES NOW** the Defendant, **ArciTerra Group,** and in response to both the *Plaintiffs' Motion to Strike Defendant's Response to Plaintiffs' Motion to Remand* and the *Plaintiffs' Response to Defendant's Response to Plaintiffs' Motion to Remand*, states as follows:

1. As with the Plaintiffs' Motion to Remand, the Plaintiffs' Motion to Strike and the Plaintiff's Response have no merit, are legally and factually inaccurate, and are due to be denied.

2. In their Motion to Strike, Plaintiffs claim the following: "In Defendant's initial Motion to Remove, Defendant's entire basis for removal, with regard to the amount in controversy exceeding $75,000.00, was the amount of money (Defendant) claims it (Defendant) would lose should Plaintiffs be successful in obtaining the equitable relief sought; not the amount Plaintiffs' are actually seeking - the amount in controversy." *Plaintiffs' Motion to Strike* at ¶ 8. This statement is false. The Notice of Removal specifically states as follows:

1

> 8. Although the Complaint does not specify the exact amount of monetary damages sought by the Plaintiffs, the lease for which the Plaintiff are seeking to enjoin enforcement and rescind has a minimum monetary value in the amount of $161,920. (Exhibit B). *Moreover, the Complaint contains a claim for compensatory and punitive damages, as well as costs and fees. Therefore, the monetary value of the relief sought exceeds $75,000 exclusive of costs and fees.*

*Notice of Removal* at ¶ 8 (emphasis added).

3. The Plaintiffs subsequently filed their Motion to Remand to which the Court, by Order dated December 12, 2007, directed ArciTerra Group to submit a response, which it has. ArciTerra Group's *Response to Motion to Remand* has not changed the basis for its initial removal - diversity of citizenship jurisdiction. To the contrary, as ordered by the Court, ArciTerra Group responds to the *Motion to Remand* by offering legal and evidentiary support of the value of the Plaintiffs' claims in support of ArciTerra Group's position that the parties are of diverse citizenship and the amount in controversy exceeds the threshold of $75,000.00. Therefore, the Plaintiffs' Motion to Strike is wholly void of merit and should be denied.

4. In fact, based upon the Plaintiffs' arguments, the Court should strike with prejudice the Plaintiffs' claim for tortuous interference with business or contractual relations. For example, the Plaintiffs contend that they "mainly" seek equitable relief and "will have no need to seek monetary damage, so long as the competitive business has not opened and decreased Plaintiffs' revenue." *Plaintiffs' Response to Defendant's Response to Plaintiffs' Motion to Remand* at § 2. Yet, the Plaintiffs' Complaint contains a count for tortuous interference with business and contractual relations, demanding both compensatory and punitive damages, and such claim is not pled in the alternative. Indeed, the tort claim contains the following averment: ***"Plaintiffs have sustained, and will continue to sustain, damages so long as a competitive business is allowed to operate . . ."*** *Original Verified Complaint Including Request for TRO-Injunctive Relief* at ¶ 20 (emphasis added).

5.  Therefore, the Plaintiffs should stipulate that they are not and will not pursue their tort claim or such claim has been pled in violation of Rule 11 of both the Federal and Alabama Rules of Civil Procedure. See Fed. R. Civ. P. 11(b)(3) (providing that an attorney's signature to a pleading certifies that "the allegations and other factual contentions have evidentiary support . . ."). Unless the Plaintiffs make the necessary stipulation, the Court should disregard the Plaintiffs' self-serving argument that they are not really seeking the compensatory and punitive damages demanded in their Complaint.

6.  The Plaintiffs' Motion to Strike and the Plaintiffs' Response are also without merit because ArciTerra Group has cited at least ten (10) cases all of which establish that jury awards entered on a claim for tortuous interference with business or contractual relations in the State of Alabama generally exceed the amount-in-controversy threshold of the Court for diversity of citizenship jurisdiction. See *Response to Motion to Remand* at ¶¶ 10-11. This Court has previously held that such evidence alone is sufficient to establish the amount in controversy for purposes of diversity jurisdiction. See Bullock v. United Benefit Insurance Company, 165 F. Supp. 2d 1255, 1258-59 (M.D. Ala. 2001) (citing at least four cases that would support a finding that the amount in controversy "more likely than not exceeds the jurisdictional requirement").

7.  The e-mail exhibit challenged by Plaintiffs in their Motion to Strike is admissible as an admission by a party opponent. See Federal Rules of Evidence 801(d)(2). The Plaintiffs do not dispute that they, in fact, authored the e-mail. They contend nonetheless that it is ambiguous because it contains the word "invaluable." However, the e-mail unambiguously complains that due to the competing business at issue "we will have not any income to operate our store." It is beyond dispute that the competing store is open. See Exhibit 1. Moreover, given the totality of the evidence,

including this lawsuit, the e-mail is clearly intended to convey the Plaintiffs' contention that the new store will destroy the value of their store. Otherwise, the Plaintiffs would not be suing ArciTerra Group for tortuous interference with business and contractual relations and would not be claiming that the new store will deprive them of "any income to operate [their] store."

8. Accordingly, ArciTerra Group has shown by a preponderance of the evidence (i.e., more likely than not) that the amount in controversy in this case exceeds the amount-in-controversy threshold for diversity of citizenship jurisdiction in this Court. Therefore, the Plaintiffs' Motion to Strike and the Plaintiffs' Motion to Remand should be denied and the Court should retain and exercise its jurisdiction over the parties and resolve the dispute before it.

Respectfully submitted this the 29th day of January, 2008.

/s/ J. Flynn Mozingo
JOE ESPY, III (ASB-6591-S82J)
J. FLYNN MOZINGO (ASB-9111-O73J)
Melton, Espy & Williams, PC
255 Dexter Avenue
Post Office Drawer 5130
Montgomery, AL 36103-5130
Telephone: (334) 263-6621
Facsimile: (334) 263-7252

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing has been electronically filed with the Clerk of the Court using the ECF/CM system and copy of same will be served upon the listed counsel of record via USPS, postage prepaid and properly addressed this the 29th day of January, 2008:

Aaron J. Luck
McPhillips, Shinbaum, LLC
516 S. Perry Street (36104)
Post Office Box 64
Montgomery, AL 36101-0064

        /s/ J. Flynn Mozingo
        OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THUY TRONG LE AND KIM CHI VO d/b/a NAIL STUDIO and SPA, </br></br> Plaintiffs, </br></br> vs. </br></br> ARCITERRA GROUP, LLC, and ARCITERRA FESTIVAL MONTGOMERY AL, LLC </br></br> Defendants. | ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) CASE NO. 2:07-cv-1070-WKW </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

### AFFIDAVIT OF KRISTINA L. CERVONE

COUNTY OF MARICOPA            )

STATE OF ARIZONA              )

Before me, the undersigned authority, a Notary Public in and for the State of Arizona at Large, personally appeared KRISTINA L. CERVONE, who being known to me and, who being first duly sworn deposeth and says as follows:

1.    My name is Kristina L. Cervone. I am a citizen of the State of Arizona, residing at 4212 North 42nd Place, Phoenix, Arizona 85018. I am over the age of 21 years, and am competent to give this Affidavit which is based upon my personal and direct knowledge of the matters testified to herein.

2.    I am employed by ArciTerra Group, LLC ("ArciTerra Group") as a Paralegal, where I serve as liaison between ArciTerra Group's executive officers and outside general and special counsel. I hold a Bachelor of Science Degree in Business from the University of Phoenix and a Paralegal Certificate from Phoenix Career College. I have



EXHIBIT 1

worked for ArciTerra Group since March 2007, and have worked in the real estate/property management industry since 2002.

3. According to my understanding and ArciTerra Group's records, Nails Capital, LLC commenced business on or about December 18, 2007. My understanding is based on communications between this office and the tenant and the tenant confirmation letter prepared and sent by ArciTerra Group to Nails Capital (Exhibit A attached hereto), whereby Nails Capital's rental payments commenced on December 18, 2007. Exhibit A is a business record of ArciTerra Group prepared and maintained in the usual course of business.

Affiant further sayeth not.

_____
Kristina L. Cervone

SWORN to and SUBSCRIBED before me this the 28th day of January, 2008.

_____
NOTARY PUBLIC
My Commission Expries: 8/31/09

JESSICA J. LANE
Notary Public - Arizona
Maricopa County
Expires 08/31/09

# arciterra
REAL ESTATE INVESTMENT & DEVELOPMENT

September 19, 2007

Mr. and Mrs. Tu Nguyen
d/b/a Nails Capital
8755 Pole Ridge
Montgomery, AL 36117

In re: Festival Plaza – 8011 Vaughn Road, Montgomery, AL

Dear Mr. and Mrs. Nguyen:

We are delighted to welcome you to Festival Plaza and we look forward to your tenancy. This letter serves to provide you with some basic information which we believe you will find helpful.

Please call (602) 840-6800 with any maintenance issues or concerns. Diane Monacell will be your contacts for any questions you may have regarding payments. The basic business terms of your lease are as follows:

| | |
|---|---|
| Turnover Date: | September 18, 2007 |
| Commencement Date: | November 18, 2007 |
| Free Rent Dates: | 1 months |
| Rent Commencement Date: | December 18, 2007 |
| Expiration Date: | January 31, 2013 |
| Minimum Rent  (12/18/2007-1/31/2013) | $2,698.67 |
| Estimated CAM, Taxes and Insurance (2007, years following will be adjusted as necessary) | $352.11 |
| **TOTAL DUE MONTHLY** | **$3,050.78** |

All payments are due on the 1st of each month and should be made payable to Arciterra Festival Montgomery AL, LLC, c/o ArciTerra Group, LLC 2720 East Camelback Road, Suite 220, Phoenix, AZ 85016. You will not receive an invoice for your rent and NNN expenses unless your payments are more than 7 days late. This letter provides you with the information you need for your payments.

Your obligations for December 2007, January and February 2008 has been calculated as follows:

| | |
|---|---|
| December Minimum Rent (12/18/07-12/31/07) | $1,131.70 |
| December CAM, Taxes & Insurance | $147.66 |
| Total DUE December 2007 | $1,279.36 |
| TOTAL DUE January 2007 | $3,050.78 |
| Credit from Check for first months rent | -$3,050.72 |
| **TOTAL BALANCE DUE JANUARY 1, 2008** | **$1,279.42** |



Office 602.840.6800  Fax 602.956.4494 • 2720 East Camelback Road, Suite 220, Phoenix, AZ 85016 • www.ArciTerra.com

Enclosed please find an emergency contact form requesting information we will use to contact you in the event of an emergency. Please fill out this form and return it to my attention at your earliest convenience.

In addition, if you have not already, please submit a certificate of insurance naming Arciterra Festival Montgomery AL, LLC as additional insured. Please submit the certificate to me within five (5) days from the date of this letter. It may be faxed to (602) 956-4494.

Please feel free to contact Ronald Kuhman, your property manager, at (602) 840-6800, with any questions regarding these or any other issues. We look forward to a long and successful relationship with you.

                    Sincerely,

                    ArciTerra Group, LLC

                    Sue Kucharski
                    Leasing Manager

Enclosure